928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry MASON, Defendant-Appellant.
 No. 90-5050.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1991.
Decided March 14, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-89-332-B)
 Donald Henry Feige, Baltimore, Md., argued for appellant.
 William Warren Hamel, Assistant United States Attorney, Baltimore, Md., argued for appellee, Breckinridge L. Willcox, United States Attorney, Gregg L. Bernstein, Assistant United States Attorney, Baltimore, Maryland, on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Barry Mason was convicted of two counts of bank fraud under 18 U.S.C. Sec. 1344. He appeals, claiming that the evidence was insufficient to sustain his convictions because the government failed to prove his specific intent to defraud a federally insured financial institution. We find that the circumstantial evidence of specific intent was quite sufficient to sustain the conviction, and we affirm.
 
 
 2
 George Johnson devised a fraudulent scheme, and over a period of time he solicited the cooperation of approximately 50 individuals in order to obtain access to their bank accounts so as to perpetuate his fraudulent check scheme. Johnson usually advised these individuals that he was getting inside information on the stock market or he was taking money from individual retirement accounts, and he needed a bank account into which he would deposit the funds obtained from his stock tips or retirement accounts. He promised the individuals that if their accounts were used he would split any profits with them. In reality, Johnson was only depositing forged, stolen or bogus checks into these accounts. Before the bank could discover the true nature of the check, Johnson would have the individual withdraw the funds by writing checks against the account or by withdrawing funds through an automatic teller machine. Johnson and his cooperating individual would then divide the funds, and Johnson would sever his contacts before the bank advised that person that the checks were worthless.
 
 
 3
 A friend of appellant advised him that he had made money on Johnson's scheme and appellant expressed an interest in becoming involved. Johnson then contacted appellant at the Provident Bank, appellant's place of employment, and explained to him that he made money from inside trading or taking money from IRA accounts. Mason stated that he was not interested in having his bank account used, because he did not wish to jeopardize his position at the bank. However, he explained that he knew other individuals who might be interested. It was agreed that Mason would receive a referral fee from anyone he might introduce to Johnson if such individual participated in the scheme.
 
 
 4
 Appellant contacted a long time friend, Ina Campbell, and told her how she could make money through Johnson, but he also advised her that she would be committing a "federal offense," and that he would receive a referral fee for each transaction she engaged in with Johnson. Later Mason drove Campbell to meet Johnson. At this meeting, Campbell gave Johnson her automatic teller machine card and her account number at Equitable Bank. This account was used to deposit several worthless checks and thereafter $6,000 was withdrawn from the account. Of this amount, Johnson kept $4,000 as his share and gave Campbell $2,000, which she divided equally with Mason. The following day another $4,000 was withdrawn from the account and Mason received $1,000 of this amount.
 
 
 5
 Thereafter, Mason brought another friend, Roslyn Smith, into the scheme, and her automatic teller card and account number were used to obtain money through her account at First Financial Federal Credit Union using the same bogus check scheme. These are the two incidents covered by the two counts of the indictment upon which Mason was convicted.
 
 
 6
 Appellant was prosecuted under 18 U.S.C. Sec. 1344 which provides in pertinent part:
 
 
 7
 Whoever knowingly executes, or attempts to execute, a scheme or artifice--
 
 
 8
 (1) to defraud a financial institution; or
 
 
 9
 (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 20 years, or both.
 
 
 10
 To support a conviction under this statute, two elements must be proved beyond a reasonable doubt: (1) a scheme or artifice to defraud a financial institution or to obtain the money or funds of such institution by false and fraudulent pretenses, representations, or promises; and (2) that the defendant knowingly and willfully participated in the scheme or artifice to defraud with the specific intent to defraud the financial institutions. United States v. Goldblatt, 813 F.2d 619, 623 (3d Cir.1987). See also United States v. Bales, 813 F.2d 1289, 1293 (4th Cir.1987). Mason claims that the evidence does not support a finding that he willfully participated in the scheme with specific intent to defraud the financial institutions.
 
 
 11
 In determining whether there is sufficient evidence to sustain a jury's verdict, an appellate court must view the evidence in the light most favorable to the government, and uphold the verdict if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 12
 Mason claims that there was no evidence to prove that he knew the scheme was designed to defraud a particular financial institution because Johnson testified that he had never told Mason or the other participants that the scheme involved the deposit of worthless checks into the accounts. The essential elements of a criminal case may be proved by either direct or circumstantial evidence. There is no direct evidence in the form of testimony to support a finding that appellant knew that the scheme was designed to defraud the financial institutions, but the circumstantial evidence is overwhelming. Mason had worked for a bank for eight years. He advised his friend, Ina Campbell, that if she participated she would be involved in a federal offense. Mason would not let his own bank account be used, but he willingly recruited other individuals into the scheme and received money from them. He also advised Campbell and Smith that they would make money "and no one would get caught." After the investigation began, Mason advised Campbell that if she told the investigators that she had given Mason money, it would directly tie him to a federal offense.
 
 
 13
 The jury was properly charged on the requirement of specific intent and from the evidence it could easily conclude that a person with appellant's experience, particularly his years as a bank employee, must have known that the scheme would defraud a financial institution.
 
 
 14
 The jury was properly instructed, and there is substantial evidence to sustain the convictions. Therefore, the verdicts of guilty must stand.
 
 AFFIRMED